

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4032
Re: Authority of State to pay
claims for additional gross
receipts and franchise taxes
it has been required to pay
by virtue of sales made to
the State Highway Department
as provided in contract with
Texas Power & Light Company,
and related questions.

We are in receipt of your letter of recent date requesting the opinion of this department, wherein you enclose a copy of a sales contract between the Texas Power & Light Company and the Texas Highway Department.

We quote the body of your letter in full as follows:

"I am attaching hereto contract between the Texas State Highway Department and Texas Power & Light Company for electric power and energy furnished the Highway Department by the Texas Power & Light Company at shops, warehouses and offices located near Chandler Highway at edge of City Limits of Tyler, Texas, and call attention to the following paragraph:

"'Plus the proportionate part of any new tax, or increased rate of tax, or governmental imposition or charge (except state, county, city, and special district ad valorem taxes and any taxes on net income) levied or assessed against the company or upon its electric business as the result of any new or amended laws or ordinances after January 1, 1938.'

"The Texas Power & Light Company has included in their bill to the Highway Department for gas

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

used the additional charge for gross receipts and additional franchise tax the company has been required to pay as a result of its sales to the Highway Department which raises the following questions by this department:

"1. Is the State authorized to pay the claim of the Texas Power & Light Company for the additional gross receipts and franchise taxes it has been required to pay by virtue of the sales made to the State Highway Department, or is the State authorized to pay the bill presented by the Texas Power & Light Company including the tax eo nomine?

"2. If the State is not authorized to pay the bill as presented, then would the electric company be authorized to raise the contract rate to offset the additional franchise and gross receipts taxes it is required to pay?

"3. If the electric company can not obtain relief from either of the foregoing methods, then is it authorized to deduct the amount of the tax on State's business from its report to this department?"

There is, of course, nothing inherently illegal in the contractual provision to which you direct our attention. If a contract between private individuals or interests stipulated that additional taxes would be added to the purchase price of a commodity, such a provision would undoubtedly be held valid and binding.

As a matter of fact the passing on to the consumer of increased expenses attendant upon production, whether such be taxes or other items, is common business practice and it is not unusual to find provisions in sales contracts, by which the purchaser agrees to pay the additional expenses.

It is well settled in Texas that the State and its various departments have the same power to contract as a corporation or individual, this being one of the attributes of sovereignity. Conley v. Daughters of the Republic, 106 Tex. 80, 136 S.W. 197, 157 S.W. 937, reversing on other grounds. (Civ. App.) 151 S.W. 877; Jumbo Cattle Co. v. Bacan, 97 Tex. 5, 14 S.W. 840; Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S. W. 722.

"This power exists as an incident to the
general right of sovereignty;and the government,
being a body politic, may, within the sphere of the
Constitutional powers confided to it, and through the
instrumentality of the proper department to which
those powers are confided, enter into contracts not
prohibited by law, and appropriate to the just exercise
of those powers."  Dikes v. Miller, 25 Tex. Supp. 281,
38 Tex. Jur. 839, footnote 14.

The State of Texas, when, through its authorized depart-
ments, it goes into the open market to purchase a commodity, or
contracts to purchase a commodity, from a private individual or
concern, may not demand preferentail treatment by virtue of its
sovereignty.  It cannot demand that it be furnished such commodity
at a reduced profit, or at a loss, to the seller.  Such a demand
would violate provisions of both the State and Federal Constitutions
against confiscating of private property.  Article XIV, Sec. 1,
Constitution of United States; Article 1, Sections 17 and 19,
Constitution of the State of Texas.

This brings us then to the question of whether the
State of a department thereof may, nevertheless, be relieved from
the payment of the proportionate part of the taxes added to the
bill for services as contracted for, and in this connection let
us consider in general the nature of the State's exemption from
taxation.

Under the Constitution and Statutes of this State and
under the decisions of the appellate courts, it is, of course
settled that public property used for public purposes is exempt
from taxation.  Bexar-Medina-Atascosa Counties Water Improvement
District No. 1, vs. State (Civ. App., San Antonio, 1929) 21 S. W.
(2d) 747, error refused.  See also Article 8, Section 2 and Art-
icle 7150, R.C.S. 1925; City of Dallas v. State (Civ. App., Fort
Worth, 1930), 28 S. W. (2d) 937; San Antonion Ind. School Dist., 1938),
Water Works Board of Trustees, et al, (Civ. App., Beaumont, 1938),
120 S.W. (2d) 86.

Taxes referred to in the cited provisions of the con-
stitution and statutes are direct taxes levied by authorities
which have taxing powers.  You will note that this relief from
taxation is not a blanket exemption but merely covers taxes
against public property used for public purposes.

The sums billed as a proportionate part of the taxes
in question are not original or direct levies.  They conform to

no definition of the word "tax", which has been defined to include in its most extended sense all contributions imposed by the government on individuals for the services of the government, Union Bank v. Hill, 34 Tenn. 325, 3 Colo. 325, 41 Words & Phrases (Perm. Ed.) 117.

The adding of the proportionate part of the taxes to the billing in accordance with the provisions of the contract, does not constitute an attempt on the part of the Texas Power & Light Company to tax the State. Only political divisions of the State have the taxing power. Bexar-Medina-Atascosa Counties Water Imp. Dist. No. 1, v. State, (Civ. App. San Antiono, 1929) 21 S. W. (2d) 747, error refused.

There is no magic in the word "tax", which relieves the State or its departments from the payment of all charges so denominated. Therefore, the fact that the increased charge is described in the billing as a proportionate part of a tax which the company has been forced to pay is of no consequence.

This additional charge, in the final analysis, is merely a passing on to the consumer of a new item of expense attendant upon the production of electrical energy, and, in the view we take of the matter, it makes no difference whether such additional charge be described in the billing as a proportionate part of such tax or as an additional charge authorized by the contract. The fact remains, and it is inescapable, that the contract entered into by the State Highway Department and the State of Texas through duly authorized agents specifically provides for this additional charge in billing for current used.

"The question of whether a contract, regular on its face, is beneficial to the State or whether it should have been made, is not for judicial consideration. Nor is it within the power of a ministerial officer to declare void and refuse to enforce or comply with a contract that has been duly and officially approved by those authorized by law to pass upon the effect of its execution." 38 Tex. Jur. 840, Sec. 23, citing CharlesScribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 742.

We can conceive of no distinction between this charge and one arising out of a provision in a contract authorizing the company to pass on to the consumer a proportionate share of the additional cost of fuel necessary to the operation of its generators. The mere fact that the additional expense arises through the assessing by the State or Federal Government of a certain type of tax is, in our opinion, of no significance, so

long as authority to shift this burden is covered by the contract.

Therefore it is the opinion of this department and you are so advised, that the State is authorized to pay the claim of the Texas Power & Light Company for the additional gross receipts and franchise taxes it has been required to pay by virtue of its sales to the State Highway Department. Such additional charges are clearly within the terms of the contract submitted and the provision to which you have directed our attention.

Nothing would be gained by camouflaging the tax item by a raise in the contract rate to offset it. The reason for the increased rate must be apparent in the contract. The comptroller cannot pay additional charges against the State unless they are included in the contract. Nichols v. State, 11 Civ. App. 327, 32 S.W. 452; State v. Perlstein (Civ. App.) 79 S.W. (2d) 143.

What we have stated answers your first two questions, and an answer to your third question is unnecessary.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By/s/   Peter Maniscalco
        Peter Maniscalco
        Assistant

PM:nw

Approved Oct. 27, 1941
§ Grover Sellers
First Assistant
Attorney General

Approved Opinion Committee by B.W.B. chairman